NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAZMINE HERNANDEZ MARQUEZ et al., | No. 08-75129 |
| Petitioners, | Agency Nos. A098-892-711 |
| | A098-892-712 |
| v. | A098-892-713 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Jazmine Hernandez-Marquez and her siblings, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum and withholding of removal.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject petitioners' claim that they are eligible for asylum and withholding of removal based on their membership in a particular social group, namely, young people targeted for recruitment or otherwise threatened by gangs in El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861-62 (9th Cir. 2009) (rejecting as a particular social group "young Honduran men who have been recruited by [a gang], but who refuse to join"); *see Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

We lack jurisdiction to consider whether petitioners were persecuted because their parents live in the United States or because of their gender, because these

claims were not exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Accordingly, because petitioners failed to demonstrate they were persecuted on account of a protected ground, we deny the petition as to their asylum and withholding of removal claims. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**